UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AKRAMKHON ISAEVICH KHAMRAEV,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, CALIFORNIA CITY CORRECTIONAL CENTER,<br><br>Respondent. | No.  1:26-cv-04458-DAD-AC (HC)<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING PETITIONER'S PENDING MOTIONS AS MOOT<br><br>(Doc. No. 2) |

On June 10, 2026, petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging his detention by United States Immigration and Customs Enforcement ("ICE").  (Doc. No. 1.)  That same day, petitioner filed a motion for temporary restraining order. (Doc. No. 2.)  On June 12, 2026, the court set a briefing schedule as to petitioner's motion for a temporary restraining order and directed respondent to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided.  (Doc. No. 5.)

On June 16, 2026, respondent filed an opposition to the pending motion for temporary restraining order.  (Doc. No. 6.)  In that opposition, respondent represents that petitioner previously filed a petition for writ of habeas corpus in the Northern District of Florida.  (*Id.* at 1–2.)  Respondent attaches to its opposition a copy of the district court's order granting petitioner's

1

prior petition in *Khamraev v. Liberty County Sheriff, et al.* ("*Khamraev I*"), No. 4:26-cv-00171-MW-MAF (N.D. Fla.).  (Doc. No. 6-1.)  The court in *Khamraev I* determined that petitioner entered the United States without inspection in September 2023, encountered and was detained by immigration authorities on September 27, 2023, and was released on an order of recognizance. (*Id.* at 4.)  The court found that petitioner was re-detained by immigration authorities on March 29, 2026 without being provided with an individualized bond hearing.  (*Id.* at 5.)

In *Khamraev I*, the respondents conceded that petitioner could not be detained pursuant to § 1225(b) and that he was instead subject to detention pursuant to § 1226(a) in light of Eleventh Circuit precedent, *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026).  The district court in *Khamraev I* granted petitioner's habeas petition in part and ordered a bond hearing pursuant to § 1226(a).  (Doc. No. 6-1 at 7–12.)  *Khamraev I* was closed without reaching the merits of petitioner's due process claims.  Pursuant to the court's order in *Khamraev I*, petitioner received a bond hearing on May 28, 2026, at which petitioner bore the burden of proof, and the IJ found that petitioner was a danger to the community or alternatively a flight risk and denied bond.[1]  (Doc. No. 6-2 at 1–2.)

Respondent did not state any opposition to this court ruling on the merits of the petition and, pursuant to the court's prior order (Doc. No. 5), the court will therefore address the underlying merits of the petition in this order.  Respondent argues that the petition should be denied because petitioner has not exhausted his administrative remedies because he has not appealed the immigration judge's bond decision.  (Doc. No. 6 at 4.)  The court incorporates its prior analysis in *Yero v. United States General Attorney*, No. 1:26-cv-04312-DAD-JDP, 2026 WL 1707102, at *3 (E.D. Cal. June 12, 2026) and waives the prudential exhaustion requirement

---

[1]  The court will limit its review to petitioner's due process claims relating to his re-detention.  In this regard, the court does not review whether the bond hearing provided to petitioner on May 28, 2026, complied either with due process or the district court's order in *Khamraev I*.  Additionally, the court finds that this petition is not barred as a successive petition, first because respondent has failed to plead abuse of the writ and second because the district court in *Khamraev I* explicitly declined to determine the merits of petitioner's due process claims.  *See Kachur v. Chestnut*, No. 1:26-cv-03362-DAD-JDP (HC), 2026 WL 1229009, at *2 (E.D. Cal. May 5, 2026) ("[T]he government bears the burden of pleading abuse of the writ.").

because exhaustion could not cure the due process violation that petitioner experienced from his re-detention without notice or opportunity to be heard at a pre-deprivation hearing.

In light of petitioner's prior release from immigration custody, the court incorporates and adopts the reasoning set forth in its prior order *Ayala Cajina v. Wofford*, No. 1:25-cv-01566-DAD-AC (HC), 2025 WL 3251083 (E.D. Cal. Nov. 21, 2025), in which the court concluded that the petitioner's prior release by immigration authorities created a liberty interest in his continued release. As this court and a majority of other district courts have repeatedly explained, a pre-deprivation hearing is typically required prior to the re-detention of a previously released detainee. *Singh v. Warden, Golden State Annex Det. Facility*, No. 1:26-cv-01973-DAD-CSK, 2026 WL 1328588, at *2–3 (E.D. Cal. May 13, 2026) (collecting cases). Accordingly, the court will grant the pending petition for writ of habeas corpus.

For the reasons explained above,

1.  Petitioner's petition for writ of habeas corpus (Doc. No. 1) is GRANTED as follows:

    a.  Respondent is ORDERED to immediately release petitioner Akramkhon Isaevich Khamraev, A-File No. 249-101-419, from respondent's custody on the conditions, if any, he was subject to prior to his detention on March 29, 2026;

    b.  Respondent is ENJOINED AND RESTRAINED from re-detaining petitioner for any purpose, absent exigent circumstances, without providing petitioner notice and a pre-detention hearing before an immigration judge, at which hearing respondent will bear the burden to demonstrate that petitioner poses a flight risk or a danger to the community by clear and convincing evidence;

2.  Petitioner's motion for a temporary restraining order (Doc. No. 2) is hereby DENIED as having been rendered moot by this order granting him habeas relief;

3.  The Clerk of the Court is directed to serve a copy of this order on the California City Detention Facility; and

4.      The Clerk of the Court is directed to ENTER judgment in favor of petitioner and to close this case.

IT IS SO ORDERED.

Dated:    **July 1, 2026**

_____

DALE A. DROZD
UNITED STATES DISTRICT JUDGE